IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:                                    )
                                          )           Case No. 14-21760-7 DLS
VALERIE KAY FAHRNOW                        )
                              Debtor.      )

## MOTION TO EMPLOY SPECIAL COUNSEL
## IN CIVIL ACTION, APPROVE THE ATTORNEY RETAINER AND CONTINGENCY
## FEE AGREEMENT, AND APPROVE PROPOSED DISTRIBUTION
## OF POTENTIAL AMOUNTS RECOVERED

COMES NOW Christopher J. Redmond, Chapter 7 Trustee ("Trustee") for the

bankruptcy estate of Valerie Kay Fahrnow, by and through counsel, and hereby moves the Court

to approve the employment of special counsel to represent the Trustee and this bankruptcy estate

in a civil action, approve the Attorney Retainer And Contingency Fee Agreement and approve

the proposed distribution of potential amounts recovered.  In support thereof, the Trustee states

as follows:

1.     On July 24, 2014 (the "Petition Date"), Valerie Kay Fahrnow (the "Debtor")

voluntarily filed for relief under Chapter 7 of the United States Bankruptcy Code, Title 11,

U.S.C.

2.     Christopher J. Redmond is the duly-appointed and acting Chapter 7 Trustee of

this bankruptcy estate.

3.     Debtor informed the Trustee that she has a pre-petition claim.

4.     Tai J. Vokins (hereinafter "Special Counsel"), of Cornwell & Vokins, 142 Cherry

St., Olathe, Kansas, 66061, was retained by the Debtor to represent the Debtor in certain

prepetition claims against Malcolm Knarr (the "Knarr Litigation").

5.     The Trustee seeks to retain the services of Special Counsel to represent the

estate's interest in pursuing the Knarr Litigation.

KCP-4590783-1

6. Special Counsel has agreed to pursue the Knarr Litigation on behalf of the Trustee and the bankruptcy estate for the benefit of the bankruptcy estate and the creditors thereof, as well as the Debtor under the following terms:

a. Subject to further approval of the Bankruptcy Court, after proper notice and hearing, Special Counsel shall be compensated as follows: 40%, net of expenses. (See Attorney Retainer and Contingency Fee Agreement, attached hereto as Exhibit "A");

b. The balance of any favorable resolution and award after the fees and expenses set forth in Paragraph 6(a) shall be paid one-quarter (1/4) to the Debtor and three-quarters (3/4) to the Trustee on behalf of the estate;

c. All monies from a favorable resolution and award shall be paid first to the Trustee on behalf of the estate pending further Order of the Bankruptcy Court after notice and approval;

d. This Bankruptcy Court shall retain jurisdiction over this engagement and asset.

7. Pursuant to 11 U.S.C. § 327(e), "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee, in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

8. Special Counsel has been retained to represent the Debtor in pursuing the Knarr Litigation and does not hold any interest adverse to the Debtor or the bankruptcy estate. To the best of Special Counsel's knowledge and belief, neither he nor any employee or member of the

Law Firm of Vokins Law Office, LLC, d/b/a Cornwell & Vokins, has any connection with the Debtor's creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. Further Special Counsel is a disinterested person, does not hold an interest adverse to the bankruptcy estate, and understands that there is a continuing duty to disclose any such adverse interest. Attached hereto as Exhibit "B" and incorporated herein by this reference, is the Affidavit of Special Counsel, evidencing disinterestedness by proposed Special Counsel.

9. The Trustee asserts that the employment of Special Counsel for the sole purpose of pursuing the Knarr Litigation is in the best interest of the estate because it may bring into the estate assets that can be administered for the benefit of creditors, but will not cost the estate anything if a favorable outcome is not reached, pursuant to the Attorney Retainer And Contingency Fee Agreement. The Trustee respectfully requests that the Court approve this Agreement entered into by and between Special Counsel and the Debtor herein.

10. The proposed distribution to the Debtor is fair and reasonable based on the Debtor's continued participation and cooperation in the prosecution of the Knarr Litigation.

WHEREFORE the Trustee respectfully requests the Court to (1) approve the employment of Tai J. Vokins as Special Counsel to represent the Trustee as set forth above; (2) approve the Attorney Retainer And Contingency Fee Agreement with Special Cousnel; (3) approve the proposed distribution of any favorable resolution and award, after the fees and expenses set forth in Paragraph 6(a) as follows: one-quarter (1/4) to the Debtor and three-quarters (3/4) to the Trustee on behalf of the estate; and (4) for such other and further relief as the Court deems just and proper.

DATED: July 9, 2015

KCP-4590783-1

Respectfully Submitted,

HUSCH BLACKWELL LLP


*s/ Emily G. Kaufman*
Christopher J. Redmond, KS BAR #7307
Emily G. Kaufman, KS FED #78556
4801 Main Street, Suite 1000
Kansas City, MO 64112
Telephone:     (816) 983-8000
Facsimile:      (816) 983-8080
christopher.redmond@huschblackwell.com
emily.kaufman@huschblackwell.com

ATTORNEYS FOR THE TRUSTEE


AGREED TO BY:


*s/ Tai J. Vokins*
Tai J. Vokins
Cornwell and Vokins
142 N. Cherry St.
Olathe, KS 66061
Telephone:     (913) 254-7600
Facsimile:      (913) 254-7602
taivokins@cornwellvokins.com
ATTORNEY FOR DEBTOR


*s/ Robert E. McRorey*
Robert E. McRorey
108 E. Cedar
PO Box 61
Olathe, KS 66051
Telephone:     (913) 780-4200
Facsimile:      (913) 339-9013
remcrorey@yahoo.com
ATTORNEY FOR DEBTOR


KCP-4590783-1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2015, the above and foregoing document was filed electronically using CM/ECF and a true and correct copy of the above and foregoing was served as follows:

    __X__  upon filing, the CM/ECF system sent notification to the Office of the United States Trustee, Debtor(s)' counsel and all parties participating in the CM/ECF system in this matter.

    __X__  via U.S. Mail, first class, postage prepaid and properly addressed to all parties of interest as set forth within the matrix attached to the original of this Motion on file with the Clerk.

*s/ Emily G. Kaufman*
Attorney
