## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the ___ day of _____, 2016, by and between **Christopher J. Redmond as Trustee for the Bankruptcy Estate of Valarie Kay Fahrnow (14-21760-7) ("Plaintiff"), and Malcolm Knarr, a/k/a W. Malcolm Knarr, Malcolm Knarr Roth Investments, LLC, and Mercantile Properties, LLC** (collectively "Defendants"). Plaintiff and Defendants are hereinafter collectively referred to as the "Parties."

1.  **Background.** Valerie Kay Fahrnow ("Fahrnow") filed a lawsuit against Defendants in the District Court of Johnson County, Kansas styled *Valerie Fahrnow v. Malcolm Knarr, et al.,* Case Number 14CV4365 (the "Action"). Defendants denied all liability for the claims asserted in the Action. In July 2014, Fahrnow filed Chapter 7 bankruptcy, and the Johnson County case caption was changed to reflect Christopher Redmond as Trustee for the bankruptcy estate as the Plaintiff. In order to avoid the cost and uncertainty of continued litigation, the Parties wish to compromise and settle the Action and all claims that were brought or could have been brought in the Action.

2.  **Execution of Journal Entry of Judgment.** Defendants agree and consent to the entry of a Journal Entry of Judgment against Malcolm Knarr, a/k/a W. Malcolm Knarr ("Knarr"), individually, in favor of Plaintiff, in the principal amount of FIFTEEN THOUSAND DOLLARS and ZERO CENTS ($15,000.00) filed in in Johnson County District Court case number 14CV4365. Said Journal Entry of Judgment shall dismiss all claims against Malcolm Knarr Roth Investments, LLC and Mercantile Properties, LLC. Plaintiff agrees to stay execution of the Judgment provided Knarr pay the amounts as stated in this agreement and the above referenced Journal Entry of Judgment.

3.  **Settlement Payment.** As consideration for this Agreement, Knarr agrees to pay Plaintiff TEN THOUSAND DOLLARS and ZERO CENTS ($10,000.00) ("Settlement Payment"). The Settlement Payment will be made to CHRISTOPHER J. REDMOND, TRUSTEE, as payee(s), noting bankruptcy case number 14-21760-7 upon the payment. Payment shall be forwarded to Christopher J. Redmond, Trustee, c/o Husch Blackwell LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112, and shall occur in the following manner:

    a. Knarr will pay to Plaintiff $2,000.00 on or before August 10, 2016;
    b. The remaining $8,000.00 will be paid within the 12 months following August 10, 2016, and afterward will make monthly payment of at least $666.67 on or before the 10th day of each subsequent month for 11 months, with a final payment on or before the 10th day of the 12th month of $666.63.

Early payment by Knarr is permissible. If any of the above payments are not made to Plaintiff by the date they are due, Plaintiff may commence execution of the Judgment, plus accrued post-judgment interest, minus whatever amount Knarr has paid through the date of default.

Page 1

4. **Notice of Nonpayment.** In the event of default by Knarr by reason of nonpayment, Plaintiff will provide Knarr with a five (5) day Notice of Nonpayment at the following address before the entire judgment is collected:

W. Malcolm Knarr
11880 Switzer Road
Overland Park, KS 66210

And a copy to:

Kenneth C. Jones
Lewis Rice LLC
10484 Marty
Overland Park, KS 66212

If Knarr changes address or otherwise requests that the Notice of Nonpayment be sent to a different address than the one listed above, Knarr shall file with the clerk of the Johnson County, Kansas District Court under case number 14CV4365 at least (3) business days prior to the effective date of the address change, and shall immediately send a copy of the Notice of Change of Address to:

Tai J. Vokins, Vokins Law Office, LLC, 142 N. Cherry St., Olathe, Kansas 66061; and

Christopher Redmond as Trustee for the Bankruptcy Estate of Valerie Kay Fahrnow (14-21760-7), Husch Blackwell, LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112.

5. **Mutual Release and Covenant Not to Sue.** Plaintiff, and anyone who could act on its behalf, including any agents, executors, administrators, beneficiaries or heirs (known and unknown), trustees, attorneys, predecessors in interest, successors and assigns (collectively, the "Plaintiff Releasors"), has remised, released and forever discharged, and by these presents do remise, release and forever discharge Defendants, their executors, administrators, beneficiaries or heirs (known and unknown), trustees, officers, directors, agents, employees, attorneys, business units, divisions, affiliates, direct or indirect parent corporations, subsidiaries, predecessors in interest, successors and assigns, and insurers (collectively "Defendant Releasees"), of and from all debts, obligations, reckonings, promises, covenants, agreements, contracts, endorsements, bonds, specialties, controversies, suits, actions, causes of actions, trespasses, variances, judgments, garnishments, extents, executions, damages, claims or demands, in law or in equity, known or unknown, which against the Defendant Releasees the Plaintiff Releasors ever had, now have or hereafter can, shall, or may have for whatsoever from the beginning of the world to the date hereof, including without limitation the Action and all claims that were raised or could have been raised therein. Furthermore, the Plaintiff Releasors covenant with the Defendant Releasees to never institute any suit or action at law or in equity against the Defendant Releasees by reason of any claim the Plaintiff Releasors now have or hereafter can, shall, or may have for whatsoever

Page 2

from the beginning of the world to the date hereof, including without limitation the Action and all claims that were raised or could have been raised therein.

Defendants, and anyone that could act on their behalf, including their executors, administrators, beneficiaries or heirs (known and unknown), trustees, officers, directors, agents, employees, attorneys, business units, divisions, affiliates, direct or indirect parent corporations, subsidiaries, predecessors in interest, successors and assigns, and insurers (collectively "Defendant Releasors"), have remised, released and forever discharged, and by these presents do remise, release and forever discharge Plaintiff, its executors, administrators, beneficiaries or heirs (known and unknown), trustees, officers, directors, agents, employees, attorneys, business units, divisions, affiliates, direct or indirect parent corporations, subsidiaries, predecessors in interest, successors and assigns, and insurers (collectively "Plaintiff Releasees"), of and from all debts, obligations, reckonings, promises, covenants, agreements, contracts, endorsements, bonds, specialties, controversies, suits, actions, causes of actions, trespasses, variances, judgments, garnishments, extents, executions, damages, claims or demands, in law or in equity, known or unknown, which against the Plaintiff Releasees the Defendant Releasors ever had, now have or hereafter can, shall, or may have for whatsoever from the beginning of the world to the date hereof, including without limitation the Action and all claims that were raised or could have been raised therein. Furthermore, the Defendant Releasors covenant with the Plaintiff Releasees to never institute any suit or action at law or in equity against the Plaintiff Releasees by reason of any claim the Defendant Releasors now have or hereafter can, shall, or may have for whatsoever from the beginning of the world to the date hereof, including without limitation the Action and all claims that were raised or could have been raised therein.

6. **Unknown Facts.** The Parties acknowledge that full and complete discovery has not occurred, and that as a result, they may hereafter discover facts different from or in addition to, those which they now know to be or believe to be true.

7. **No Admission of Liability.** It is understood and agreed that this Agreement is being made purely as a compromise in order to avoid further costs, expenses, and uncertainty of litigation, and is not an admission of liability by Defendants that they have violated any law or right.

8. **Neutral Construction of Agreement.** This Agreement is the product of arm's-length negotiations between the Parties with the aid of counsel. The Parties therefore agree that neither party will claim that any ambiguity in this Agreement shall be construed against any other party or against the drafter of this Agreement.

9. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective agents, executors, administrators, beneficiaries or heirs (known or unknown), successors and assigns (including without limitation, any receiver, conservator, rehabilitator, liquidator, provisional liquidator, trustee or other statutory successor or quasi-statutory successor.

Page 3

Case 14-21760    Doc# 37-1    Filed 08/16/16    Page 3 of 5

10. **Entire Agreement.** This Agreement constitutes the entire agreement of the parties, superseding all prior negotiations, discussions, representations, promises, and understandings with respect to the matters set forth herein.

11. **Counterparts; Facsimiles; Electronic Copies.** This Agreement may be executed and delivered in multiple counterparts, each of which, when so executed and delivered, shall constitute an original, but such counterparts shall together constitute but one and the same instrument. A facsimile or electronic copy of an executed counterpart shall have the same effect as the original executed counterpart.

12. **Severability.** If any provision of this Agreement shall be determined by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions of this Agreement shall not be affected or impaired thereby.

13. **Governing Law/Venue/Jurisdiction.** This Agreement shall be interpreted, construed, and enforced in accordance with the laws of the State of Kansas (without giving effect to its conflicts of law principles). Furthermore, if any dispute should arise concerning this agreement, the Parties expressly state that the exclusive venue for such agreement shall be the Johnson County, Kansas District Court and the Parties are subject to the court's personal jurisdiction over them.

14. **Attorney Fees, Costs, Expenses.** The Parties agree that each will bear their own attorney fees, costs, expenses or the like incurred in this Action.

15. **No Tax Advice.** Plaintiff acknowledges and agrees that neither Defendants nor any other Defendant Releasees, including their attorneys, have provided tax advice, legal advice, or other advice to Plaintiff.

16. **Modifications in Writing.** This Agreement may only be modified or amended by a writing duly executed by the Parties.

17. **Bankruptcy Court Approval.** This Agreement is specifically subject to Bankruptcy Court approval in Case No. 14-21760-7 pending in the United States Bankruptcy Court for the District of Kansas and shall not have final effect until such time as the Court enters approval of this settlement. The parties agree, however, that payments will commence as contemplated in the proposed Stipulated Journal Entry of Judgment.

Page 4

IN WITNESS WHEREOF, the Parties have signed this Agreement as of the date first written above.

By: Christopher J. Redmond as Trustee for the Bankruptcy Estate of Valarie Kay Fahrnow (14-21760-7)

Malcolm Knarr, a/k/a W. Malcolm Knarr, Individually

Malcolm Knarr Roth Investments, LLC
By: Malcolm Knarr, a/k/a W. Malcolm Knarr, Managing Member

Mercantile Properties, LLC
By: Malcolm Knarr, a/k/a W. Malcolm Knarr, Managing Member

Page 5